# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

BENNIE R. HEARST PETTWAY,           :    :    :    :
d/b/a                               :
CONNECT A CARE NETWORK LLC          :    NOVEMBER   TERM, 2023
d/b/a                               :
CONNECT A CARE NETWORK              :    23-13550-amc

                    Debtor          :    :    :    :    :

                                    :    OBJECTION

## OBJECTION
### TO OPINION 96-105 ORDER
### PER DECEMBER 13, 2023, TELECONFERENCE MEETING

1. I, Bennie R. Hearst Pettway, a true and de jure party of interest, operating under constitutional form of government and treaty, doing business as Connect A Care Network LLC, as I have full interest, title and ownership (hereinafter, "My Company"), attest to the following statement to the best of my ability. This is a sure-fire abuse of authority that has never been provided. I do not represent the corporation. I hold all beneficial interests in the corporation, but I am the owner and currently hold all title and interest in 1542 Haines Street and not the Connect A Care Network LLC. Connect A Care Network LLC is not the injured party. I am the injured party. I am not the Judgment Debtor; I am the Creditor. The forced fraudulent conveyance by Lima One Capital LLC to Connect A Care Network LLC and then fraudulently conveyed to HOF 1 REO 5 INC and its designated heirs, successors, and assigns have been accepted and supported by the trial court and the Philadelphia Sheriff's Office supporting and participating

the ongoing crime of Mortgage Fraud and Illegal Fraudulent Conveyance performed on 26 April 2019 without my knowledge and without my permission (see Fraudulent Conveyance - Deed Fraud Report).

2. My company, Connect A Care Network LLC is doing business supported by private party activity is doing business as a Silver Bond (private credit (see Article I section 10, American Constitution)). The Silver Bond is acting in a Supersedeas capacity and will settle all costs and expenses, including the return of the $31,000 (Thirty-one Thousand and no cents, dollars) US that I received when the Fix n Flip loan was started. The balance was never released to me from escrow. I, therefore, do not owe it. I am a victim of Predatory Lending and Mortgage Fraud. (see **Exhibit A,** attached Prohibition Against Predatory Lending Practices made a part of this Objection document)

3. The Fix n Flip loan was not given out to My Company. It was a construction loan given to me for property renovations on (1542 Haines Street fka 1540 Haines Street, Philadelphia, Pennsylvania 19126-2717). I had invested financial resources, out of pocket, into this property and then decided to take out a construction loan to renovate my private property to completion.

4. Lima One Capital LLC, the Fix n Flip lender, now that I know is truly a Predatory Lender, stole my property by forcefully conveying it from my personal possession into My Company so that a fraudulent mortgage claim could be made. I never authorized them to act on behalf of me or My Company. I never authorized a transfer of title, interest or ownership from me to Connect A Care Network LLC. The borrowed financial resources went into my name for me and me only; these resources were deposited into my personal bank accounts, and never to My Company bank accounts.

5. It appears that they have power of attorney over me and my estate, which is false. This was never a mortgage and furthermore, the Fix n Flip loan term was only for two (2). years. The property was fraudulently conveyed into my company's name which is Connect A Care Network LLC on which I do business as; to make it appear like the actual loan was a mortgage so that the property could be foreclosed on for free and to go and collect insurance money from the corporate government. There was never a mortgage, and I am not representing My Company / corporation. In other words, I am not proceeding on behalf of a corporation. Additionally, what legislation, unconstitutional official act, states that a corporation must be represented by counsel? Where in the Constitution for the united states of America and where in the Constitution for the Commonwealth of Pennsylvania does it state that I must be represented by an attorney or that my intellectual property must be represented by an attorney or that my Limited Liability Company must be represented by an attorney?

6. The Creditor is transacting criminal operations protocols that, as this bankruptcy case proceeds, they will have to seek assistance of counsel. I, on the other hand, am not seeking assistance of counsel and see no need as I am the victim of Predatory Lending and Mortgage Fraud, which is a criminal offense. A corporation, after 1868, is a person and therefore can seek assistance of counsel. But a corporation is not required by Constitutional Law to have representation as Opinion 96-105 insists with its hard intention against those flesh, blood and bone indigents exemplifying a multitude of incompetencies are by not being a member of the BAR.

7. Any Pennsylvania Bar Association Opinion is not legislative policy to follow. Additionally, what is being followed is the fact of Fraud in the Court as a legitimate Cause for Action that leads to Opinion 96-105. Opinion 96-105 (see

**Exhibit B**, attached Opinion 96-105 made a part of this Objection document), is not legislative policy and not law. The Law of the land is Constitution, not statutes, codes, rules, regulations, and ordinances. Opinion 96-105, since it appears that the Court of Common Pleas is following it as a statute of some sort when it is only an opinion, is an Unconstitutional Official Act – 16 American Jurisprudence 2d, Section 177 late 2d, Section 256 (for more details, see **Exhibit C**, attached, and made a part of this Objection document).

8.  The Opinion further represents in, similarity, that I, Bennie R. Hearst Pettway "May" be a corporation and that I may appear to be represented. The word **"May"** is an expression of possibility, a permissive choice to act or not, and ordinarily implies some degree of discretion. This contrasts with the word "shall," which is generally used to indicate a mandatory provision. Neither of these words are law. The Law is Constitution, not colorable codes, colorable statutes, colorable rules, colorable regulations, or colorable ordinances. The Constitution always trumps these colorable codes, statutes, rules, regulations, and ordinances.

9.  I, Bennie Rhee Hearst Pettway, am representing the original deed that clearly shows that the house was in my name at the day of purchase and remained in my name until I was defrauded into taking that Predatory loan from Lima One Capital LLC and even afterwards, they left the original deed alone until they started this fraudulent conveyance into My Company name. This is the only way that they can steal it because they are not required to have a commercial license to perform a commercial mortgage in the State of Pennsylvania.

10.   So, for them, I guess it would make great sense to forcefully convey 1542 Haines Street into My Company then make a fraudulent mortgage complaint so that they can successfully bring Fraud on the Courts and have assistance by the court with the theft. The Court of Common Pleas, First Judicial District of Pennsylvania, Civil Trial Division, has been successfully assisting Lima One Capital LLC and its whole subsidiary or assignee, HOF I REO 5 Inc out of Delaware (who has absolutely no permission to transact business in Pennsylvania) with its complaint in mortgage foreclosure when, in fact, there never was a mortgage.

11.   Daniel J. Anders is in error producing the order dated November 6, 2023. Daniel J. Anders has no jurisdiction and should not be participating in this case of fraud and treason. Additionally, HOF I REO 5 INC has no permission to transact business in Pennsylvania therefore your court has no jurisdiction. Your jurisdiction has been challenged. I, Bennie R. Hearst Pettway, with great assurance, am not proceeding on behalf of my corporation. I am the petitioner who placed the motion to proceed In Forma Pauperis; not Connect A Care Network LLC (see **Exhibit D**, attached Affidavit of Subsistence, made a part of this Objection document).

Date 01 02 24

**Bennie R. Hearst Pettway**
**Bankruptcy Petitioner**

# EXHIBIT A

# CHAPTER 9-2400. PROHIBITION AGAINST PREDATORY LENDING PRACTICES
## § 9-2403. Predatory Lending Practices Prohibited.

**(1)** Prohibited Conduct. Subject 1136 to the limitations of subsection (f):

(a)   Issuing Predatory Loans. No person shall make, issue, or arrange a predatory loan, or assist others in doing so. A person who, when acting in good faith, fails to comply with this subsection will not be deemed to have violated this subsection if the person establishes that either:

(.1)  Within 30 days of the loan closing and prior to the institution of any action under this Chapter, the borrower is notified of the compliance failure, appropriate restitution is made, and whatever adjustments are necessary are made to the loan to either, at the choice of the borrower, (i) make the predatory loan satisfy the requirements of this Chapter or (ii) change the terms of the loan in a manner beneficial to the borrower so that the loan will no longer be considered a predatory loan subject to the provisions of this Chapter; or

(.2)   The compliance failure was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors, and within 60 days after the discovery of the compliance failure and prior to the institution of any action under this Chapter or the receipt of written notice of compliance failure, the borrower is notified of the compliance failure, appropriate restitution is made, and whatever adjustments are necessary are made to the loan to either, at the choice of the borrower, (i) make the predatory loan satisfy the requirements of this Chapter, or (ii) change the terms of the loan in a manner beneficial to the borrower so that the loan will no longer be considered a predatory loan subject to the provisions of this Chapter. Examples of a bona fide error include clerical, calculation, computer malfunction and programming, and printing errors. An error of legal judgment with respect to a person's obligations under this Chapter is not a bona fide error.

(b)   Lending Without Home Loan Counseling. No person shall make, issue or arrange any threshold or high cost loan, or assist others in doing so, without first receiving notice from a counselor employed by a housing counseling agency approved by the Office of Housing and Community Development that the borrower has received counseling on the advisability of the loan transaction and the appropriateness of the loan for the borrower based upon the information provided by borrower and lender to the counselor at the time counseling is provided to the borrower.

(c)   Lending Without Due Regard to Repayment. No lender shall make, issue or arrange or originate any threshold or high cost loan if the lender does not reasonably believe at the time the loan is consummated that the borrower or borrowers (when considered collectively in the case of multiple borrowers) will be able to make the scheduled payments to repay the obligation based upon a consideration of their current and expected income, current obligations, employment status, and other financial resources (other than the borrower's equity in the dwelling which secures repayment of the loan). A borrower shall be presumed to be able to make the scheduled payments to repay the obligation if, at the time the loan is consummated, or at the time of the first rate adjustment in the case of a lower introductory interest rate (i) the borrower's scheduled monthly payments on the loan (including principal, interest, taxes, insurance and assessments), combined with the scheduled payments for all other debt, do not exceed fifty percent (50%) of the borrower's documented and verified monthly gross income,

and (ii) provided that the borrower has sufficient "residual income" as defined in the guidelines established in 38 C.F.R. § 36.4337(e) and VA form 26-6393 to pay essential monthly expenses after paying the scheduled payments and any additional debt. This subsection applies only to borrowers whose income, as reported on the loan application which the lender relied upon in making the credit decision, is no greater than one hundred twenty percent (120%) of the median family income for the Philadelphia Metropolitan Statistical Area (MSA) (as defined by the Director of the U.S. Office of Management and Budget). For purposes of this Section, the median family income shall be derived from the most recent estimates made available by the U.S. Department of Housing and Urban Development, at the time the application is received. For purposes of determining median income, only the income of the borrower or borrowers shall be considered.

(d)    Payments to Home Improvement Contractors. A lender shall not pay proceeds of a threshold or high cost loan to any "home improvement contractor", as that term is defined in the Home Improvement Finance Act, 73 P.S. § 500-102(9), and a home improvement contractor may not receive the proceeds of a threshold or high cost loan, other than (i) by an instrument payable solely to the borrower or borrowers, or (ii) at the election of the borrower, through a third-party escrow agent in accordance with terms established in a written agreement signed by the borrower and the home improvement contractor prior to the disbursement; provided however that in no instance shall more than twenty-five percent (25%) of the total proceeds of the threshold or high cost loan be disbursed at the time of closing.

(e)    Incorporating Governmental Financial Assistance Funds. All persons shall be barred from promoting, utilizing, packaging, or in any other way incorporating funds from any of the programs administered by the City or a City Agency which are subject to regulation under Chapter 21-1100 of The Philadelphia Code in combination with any high cost or predatory loan. Any contract, lease, grant condition or other agreement entered into by the City with any City-related Agency shall contain a provision requiring that the City-related Agency, in the administration of governmental housing assistance funds abide by the provisions of this subsection as though its administration of such funds was directly subject to the provisions of this subsection.

(f)    Provisions Not Applicable to Activities of Certain Financial Institutions.

(.1)    Subsection (a) is not applicable in the following circumstances:

(a)    With respect to a licensed duly lender as may be required under State law, solely because of the presence of a loan provision described in subsection 9-2402(11)(c), (d) or (i), provided that such provision(s) are made in conformity with the requirements of federal law pursuant to the Alternative Mortgage Transaction Parity Act, 12 U.S.C. § 3803 and provided that any such loan is not otherwise predatory as defined in subsection 9-2402(11); or

(b)    In the case of a loan made pursuant to the Pennsylvania Consumer Discount Act, 7 P.S. §§ 6201 et seq., solely because the loan contains any provision authorized by such act, provided that any such loan is not otherwise predatory as defined in subsection 9-2402(11); or

(c)    In the case of a loan made pursuant to the Pennsylvania Secondary Mortgage Loan Act, 7 P.S. §§ 6601 et seq., solely because the loan contains any provision authorized by such

act, provided that any such loan is not otherwise predatory as defined in subsection 9-2402(11).

(.2)  Subsections (a), (b), ( c ), and (d) are not applicable with respect to a State-chartered bank, bank and trust company, savings bank, private bank or national bank, a State or federally chartered savings and loan association, a federally chartered savings bank or a State or federally chartered credit union. However, the provisions of subsections (a), (b), ( c ) and (d) shall apply to affiliates of such entities, except insofar as such affiliates are themselves one of the financial institutions enumerated above.

(2)  Notice to Customers of Home Improvement Contractors. Each home improvement contractor must furnish the following notice, as published from time to time by the Office of Housing and Community Development along with each home improvement contract or bid for home improvement contract for any work to be performed on a residence located within the City of Philadelphia

EXHIBIT B

OBJECTION TO OPINION 96-105 ORDER – 12 13 23 TELECONFERENCE MEETING

OPINION 96-105

SUBJECT: Representation of corporations by non-attorney corporate officers in the courts of the Commonwealth of Pennsylvania.

It is the **OPINION** of the Pennsylvania Bar Association Unauthorized Practice of Law Committee that an officer or share holder of a corporation who is not an attorney admitted to practice in the Commonwealth of Pennsylvania cannot represent that corporation in the courts of the Commonwealth of Pennsylvania.

The opinion of Judge Beck of the Pennsylvania Superior Court in the case of Walacavage v. Excell 2000, Inc., filed July 27, 1984, to No, 480 A.2d 281 etc., very clearly held that it is the law of the Commonwealth of Pennsylvania that a corporation may appear and be represented in the courts of the Commonwealth of Pennsylvania only by an attorney duly admitted to practice except in those few areas excepted by statute or rule.

Judge Beck, in quoting several federal cases, stated that the reasoning behind the rule is that a corporation can do no act except through its agents and that such agents representing the corporation in Court must be attorneys at law who had been admitted to practice, are officers of the Court and subject to its control. The purpose of the law, she continued, in citing Shamey v. Hickey, 43 A. 2d 1111 (D.C.A. 2p, 1981) "was not the protection of stockholders, but the protection of the courts and the administration of justice" and a person who accepts the advantages of incorporation for his or her business must also bear the burdens, including the need to hire counsel to sue or defend in court. The policy underlying the rule was summarized in Simbraw, Inc. v. United States, 367 F. 2d 373 (3rd Cir. 1966) as the need to eliminate confusion results from pleadings awkwardly drafted and motions inarticulately presented.



EXHIBIT C

OBJECTION TO OPINION 96-105 ORDER – 12 13 23 TELECONFERENCE MEETING

# Unconstitutional Official Acts

**16 American Jurisprudence 2d, Section 177 late 2d, Section 256:**

The general misconception is that any statute passed by legislators bearing the appearance of law constitutes the law of the land. The U.S. Constitution is the supreme law of the land, and any statute, to be valid, must be In agreement. It is impossible for both the Constitution and a law violating it to be valid; one must prevail. This is succinctly stated as follows:

The General rule is that an unconstitutional statute, though having the form and name of law is in reality no law, but is wholly void, and ineffective for any purpose; since unconstitutionality dates from the time of it's enactment and not merely from the date of the decision so branding it. An unconstitutional law, in legal contemplation, is as inoperative as if it had never been passed. Such a statute leaves the question that it purports to settle just as it would be had the statute not been enacted.

Since an unconstitutional law is void, the general principles follow that it imposes no duties, confers no rights, creates no office, bestows no power or authority on anyone, affords no protection, and justifies no acts performed under it......

A void act cannot be legally consistent with a valid one. An unconstitutional law cannot operate to supersede any existing valid law. Indeed, insofar as a statute runs counter to the fundamental law of the lend, it is superseded thereby.

No one Is bound to obey an unconstitutional law and no courts are bound to enforce it.

Jon Roland:

Strictly speaking, an unconstitutional statute is not a "law", and should not be called a "law", even if it is sustained by a court, for a finding that a statute or other official act is constitutional does not make it so, or confer any authority to anyone to enforce it.

All citizens and legal residents of the United States, by their presence on the territory of the United States, are subject to the militia duty, the duty of the social compact that creates the society, which requires that each, alone and in concert with others, not only obey the Constitution and constitutional official acts, but help enforce them, if necessary, at the risk of one's life.

Any unconstitutional act of an official will at least be a violation of the oath of that official to execute the duties of his office, and therefore grounds for his removal from office. No official immunity or privileges of rank or position survive the commission of unlawful acts. If it violates the rights of individuals, it is also likely to be a crime, and the militia duty obligates anyone aware of such a violation to investigate it, gather evidence for a prosecution, make an arrest, and if necessary, seek an indictment from a grand jury, and if one is obtained, prosecute the offender in a court of law.



OBJECTION TO OPINION 96-105 ORDER – 12.13.23 TELECONFERENCE MEETING

# Affidavit of Subsistence

Commonwealth of Pennsylvania          }
                                      } Scilicet:
County of _Philadelphia_              }

Before me, the undersigned notary public, personally appeared Bennie Pettway, to me known, who being duly affirmed, doth depose and say: I am exercising my right to serve this affidavit and submit as evidence pursuant to federal proceedings via the 94th United States Congress, October 18, 1976 (Public Law 94-550, 90 Statutes at Large 2534, House Resolution 15531, Title 28 United States Code §1746(1)), and Federal Rules of Evidence, Article VIII. I am also exercising my right to petition in the form of a pauper pursuant to House Joint Resolution 192; Public Law 73-10 - United States Congress in session June 5, 1933; 231 Pennsylvania Code Chapter 200, Rule 240 and Federal Rule of Appellate Procedure, Rule 24, Title IV Habeas Corpus, Proceedings In Forma Pauperis. I hereby reserve all rights as a living wombman (*In Full Life*), at all times, in all places, waiving none. Being competent (In My Own Proper Person), to Attest to this Affidavit upon which I place my Autograph;

**Whereas,** I, Bennie Pettway, an indigent and in the form of a pauper, hereby am not in the capacity to transmit the pre-pay court fees and costs due to lack of financial resources in order to show cause for a legal action; and

**Whereas,** upon consideration of my indigent status, I am exercising this Cause of Action to proceed *in forma pauperis:* **1)** I currently possess a Supersedeas Silver Bond that can be utilized for Credit, valued at $15,000,000, to be applied to all court fees and other costs and an Automatic Stay and an Injunction to be immediately placed on this matter; and **2)** the 1933 House Joint Resolution 192 was To Suspend The Gold Standard and Abrogate The Gold Clause; dissolving the Sovereign Authority of the United States - the gold coin is the US Dollar; hence, the *Money Law* (*Coinage Act of April 2, 1792, 2nd Congress, 1 Statutes at Large 246-251, Session I, Chapter XVI*);

**Whereas,** pursuant to Rule 1731 Pennsylvania Rules of Appellant Procedure, I am making an appeal operating as a supersedeas through my Supersedeas Silver Bond being filed with the Clerk of the lower court this appropriate security instrument in the above amount to match what may be due, to be paid on demand;

**Whereas,** pursuant to Federal Rules of Civil Procedure Rule 62 Stay of Proceedings to Enforce a Judgment, the execution on a Judgment and proceedings to enforce it are automatically stayed while an appeal is pending.

I certify that the foregoing is true and correct and complete. Executed on this 22nd day of September, 2023 and further, deponent sayeth not.

_Bennie Pettway_
Bennie Pettway

Affirmed and Signed before me this 22nd day of September, 2023.

_Salm Ali_
Notary Public

My commission expires: _3/24/2025_



Commonwealth of Pennsylvania - Notary Seal
Salim Amir Ali, Notary Public
Philadelphia County
My commission expires March 24, 2025
Commission number 1248553
Member, Pennsylvania Association of Notaries

# CERTIFICATE OF SERVICE

I certify that a copy of the above AFFIDAVIT OF OBJECTION TO ORDER RECEIVED ON NOVEMBER 8, 2023, ON APPEAL OF: BENNIE R. HEARST PETTWAY c/o TIGER D RAVEN-MELCHIZ EL, PoA, has been furnished by way of walk-in, facsimile, or certified mail, first class, priority or expressed post to:

Eric Feder, Prothonotary
Philadelphia County Office of the Prothonotary
1400 John F Kennedy Blvd, City Hall, Room 284
Philadelphia, Pennsylvania 19107-3243

Vincent DiMaiolo, Jr., Esq., PA Sup Ct ID No. 59461
Fein, Such, Kahn & Shepard, P.C.
7660 Imperial Way, Suite 121
Allentown, Pennsylvania 18195-1022

Michael Pellegrino, Esq., PA Sup Ct ID No. 322412
Pellegrino Law PLLC
1617 John F. Kennedy Blvd., Suite 1888
Philadelphia, Pennsylvania 19103 -1817

Jeff Tennyson, President & CEO
Lima One Capital LLC
502 W. 7th Street, Suite 100
Erie, Pennsylvania 16502-1333.

Kevin Holliday, Director of Operations

HOF I REO 5 INC

251 Little Falls Drive

Wilmington, Delaware 19808-1674

Joshua H. Roberts

roberts.virtualcourtroom@courts.phila.gov

1400 John F. Kennedy Boulevard, 538 City Hall

Philadelphia, PA 19107-3200

Carmella Jacquinto

Criminal Justice Center, Room 1205

1301 Filbert Street

Philadelphia, Pennsylvania 19107-2602

Daniel J. Anders

Court of Common Pleas of Philadelphia County

1400 John F. Kennedy Boulevard, City Hall Room 290

Philadelphia, Pennsylvania 19107-3246

Deputy Sheriff William Bengochea

c/o Sheriff Rochelle Bilal

100 South Broad Street, 5th Floor

Philadelphia, Pennsylvania 19110-1022

I am

Bennie R. Hearst Pettway, Appellant

Date: ___28 December 2023___


casetext

Civ. A. No. 34873.
United States District Court, E.D. Pennsylvania

# Trinsey v. Pagliaro

229 F. Supp. 647 (E.D. Pa. 1964)
Decided May 28, 1964

Civ. A. No. 34873.

May 28, 1964. 648

Cohen, Shapiro, Berger Cohen, by David Berger, and Herbert B. Newberg, Philadelphia, Pa., for plaintiff.

Silver Barsky, by Jay D. Barsky, Philadelphia, Pa., for defendants.

WOOD, District Judge.

This case arises out of a dispute over the extent of the plaintiff's ownership interest in a tract of land of approximately 47.6 acres located in Gulph Mills, Pennsylvania, known as "Rebel Hill." By an agreement, dated April 29, 1960, title to the land was taken by the plaintiff and the defendant Pagliaro. On May 9, 1960, pursuant to a second agreement between the parties title was transferred to a trustee-straw party, Howard Richard, Esq., for the benefit of Trinsey and Pagliaro.

Thereafter, on May 13, 1960, Pagliaro and his attorney, Albert Foreman, Esq., procured a blank deed from the straw party and his wife. It is this blank deed that the plaintiff by his civil action filed with this Court seeks to have nullified.

Following the delivery of the blank deed, the straw party, Richard, executed a deed on November 29, 1962, conveying "Rebel Hill" to Trinsey and Pagliaro as tenants in common. This deed was recorded in the Office of the Recorder of Deeds for Montgomery County.

A civil action was commenced by Pagliaro in Montgomery County in December 1962 against Trinsey and Richard as defendants in the Court of Common Pleas on the ground that Richard at the instance of Trinsey violated his duties as Trustee when Richard executed the November 29, 1962 deed in favor of Trinsey and Pagliaro. This action resulted in a mistrial and Trinsey filed a petition to have the case referred to arbitration before the American Arbitration Association.[1] The Montgomery County Court granted this petition and Pagliaro appealed the order to the Pennsylvania Supreme Court which is awaiting decision at this time. The arbitration has not reached the hearing stage.

[1] Paragraph 17 of the April 29, 1960 agreement between Trinsey and Pagliaro provides for the settlement of any disputes by arbitration.

The defendants Pagliaro and Foreman have filed a motion to dismiss the action in this Court because of the possibility of further action in the Montgomery County Court and the arbitration appeal before the Supreme Court. Also, the defendants contend in their motion that this action is moot because the deed is in the control of the Montgomery County Court, having been offered in evidence in the original action, and not in the possession of Pagliaro. Finally, the defendants argue that if the State Supreme Court sustains the order for arbitration, this Court will lack jurisdiction to decide the matter.

casetext

This Court has jurisdiction because of diversity and the amount involved. The Montgomery County in personam action attacking the acts of the Trustee and which resulted in a mistrial, as aforesaid, does not preclude this Court from taking jurisdiction of this in rem action. This Court, if the facts warrant such a determination, could nullify the blank deed of May 13, 1960, as prayed for, and declare the recorded deed creating ownership as tenants in common between the parties valid or render such other relief as might be proper insofar as the land itself is concerned.

On the record before us the arbitration proceedings on appeal concern plaintiff Trustee's claims for back pay and collateral [4(2)] matters under an agreement between the parties. There is nothing before us which would warrant a determination that the arbitration proceedings will in any way determine title to the land involved, notwithstanding the statement at argument that a counterclaim had been filed in the arbitration proceedings by defendant which raised the questions previously before the Montgomery County Court, and furthermore, no mention was made of the May 13, 1960 blank deed in this counterclaim insofar as we are able to determine from the oral argument or the record.

The action before this Court being partly in rem because it seeks to nullify an outstanding deed and remove a cloud on the title of the premises is not in conflict with the in personam action before the State Court or the Arbitration Board.[2] Insofar as this action is in personam in that it seeks to restrain the defendants from executing the blank deed in favor of anyone other than the plaintiff, the Federal Court may proceed with the litigation because there is no bar to parallel Federal and State actions where each Court has jurisdiction over the persons. Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850 (1935).

The defendants' motion to dismiss for failure to state a claim unsupported by affidavits or depositions is incomplete because it requests this Court to consider facts outside the record which have not been presented in the form required by Rules 12(b)(6) and 56(c). Statements of counsel in their briefs or argument while enlightening to the Court are not sufficient for purposes of granting a motion to dismiss or summary judgment.

## ORDER

And now, this 28th day of May, 1964, the defendants' motion to dismiss is denied without prejudice.

